SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ABDULGALIL KAID ALWAN,

                Plaintiff,

-against –

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, POLICE OFFICER NICHOLAS NELSON
AND POLICE OFFICER JESSICA HERNANDEZ,

                Defendants.
-------------------------------------------------------------------X

CV 14 4556

GARAUFIS, J.

**VERIFIED COMPLAINT**

**JURY TRIAL DEMANDED**

        Plaintiff, by his attorney, MALLILO & GROSSMAN, complaining of the defendants herein, respectfully and alleges as follows:

### JURISDICTION

1.    Jurisdiction is founded upon the existence of a Federal Question.

2.    This is an action to redress the deprivation and violation, under color of statute, ordinance, regulation, custom or usage, of Plaintiff's constitutional and civil rights, privilege, and immunity secured by the Civil Rights Act of 1871, 42 U.S.C. §1983, and the rights secured by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and the rights secured under the Constitution of the State of New York, Article I, Sections 11 and 12, and the common law of the State of New York.

3.    Jurisdiction is founded upon 28 U.S.C. Sections §1331, §1343 (3) and 1343(4), this actions seeks redress for the violations of Plaintiff's constitutional and civil rights

4.    Plaintiff further invokes the supplemental jurisdiction of this Court to adjudicate all constitutional and pendant state law claims, pursuant to 28 U.S.C. §1367, as said claims form part of the same case or controversy.

1

## VENUE

5. Venue is proper in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. §1391(b) and (c), because the Plaintiff resides within the Eastern District.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action on each and every claim.

## NOTICE OF CLAIM

7. Notice of the Plaintiff's claims, the nature of the claims, the date and time of same, the place where, and the manner in which the claims arose were duly served upon the Comptroller of the Defendants, City of New York and New York City Police Department on November 15, 2013.

8. That the Plaintiff has duly complied with the oral examination, pursuant to Section 50-h of the General Municipal Law.

9. That more than thirty days have elapsed since the Notice of Claim has been served upon the Defendants and said Defendants have neglected or refused to make any adjustment or payment thereof.

10. That this action is commenced within one year and ninety days after the cause of action arose.

## PARTIES

11. That Plaintiff, ABDULGALIL KAID ALWAN, is resident of the United States.

12. That Plaintiff resides in the County of Kings, City and State of New York.

13. At all times hereinafter mentioned Defendant, Police Officer Nicholas Nelson, Badge No. 15798, and Defendant, Police Officer Jessica Hernandez, Badge No. 25513, were Police Officers employed by The City of New York, and were acting within the course and scope of their employment. They are sued in their individual and official capacities.

14. At all times hereinafter mentioned, and upon information and belief, the Defendant, THE CITY OF NEW YORK ("City"), was and still is a municipal corporation organized and existing by virtue of the Laws of the State of New York. The City of New York is authorized under the laws of the State of New York to maintain a police department, the New York City Police Department ("NYPD"), which acts as its agent in the area of law enforcement. The City of New York operated, maintained and controlled the NYPD, and the Officers thereof, and assumes the risks incidental to the maintenance of a police force and the employment of police officers.

15. At all relevant times, the City of New York and its NYPD hired, employed, supervised, monitored and controlled the individual Defendants.

16. At all relevant times, Defendants, Police Officers Nelson and Hernandez, were on duty with the NYPD on September 8, 2013.

17. At all relevant times, Defendants, Nelson and Hernandez, were acting under the color of state law in the course and scope of their duties and functions as agents, employees and officers of the City of New York and/or the NYPD in engaging in the unlawful conduct described herein.

18. At all relevant times herein, Defendants, Nelson and Hernandez, have acted for or on behalf of the City of New York and/or the NYPD, with the power and authority vested in them as officers, agents and employees of the City and/or NYPD, within the course and scope of their employment as Police Officers.

## STATEMENT OF FACTS

19. On September 8, 2013, at approximately 8:30 p.m., while Plaintiff was lawfully and properly at or about the intersection of 63rd Street and 20th Avenue, County of Kings, City and State of New York, as his 13 year old son was involved in a motor vehicle accident.

20. Plaintiff's son was a passenger in a motor vehicle operated by Mikhail Davidyuk,

which was involved in an accident at or near the aforementioned intersection. Subsequent to the accident, Plaintiff's son contacted Plaintiff on the telephone and requested his presence at the scene for assistance to the hospital.

21. Plaintiff immediately proceeded to the aforementioned intersection to aid his 13 year old son.

22. Police Officer Nicholas Nelson, Badge No. 15798, and Police Officer Jessica Hernandez, Badge No. 25513, of the 62nd Precinct, responded to the scene of the motor vehicle accident.

23. Upon responding to the scene, Police Officers Nelson and Hernandez began verbally assaulting, abusing and shouting at Plaintiff.

24. Thereafter Officer Nelson physically assaulted and battered Plaintiff by pushing him and slamming his body against a brick wall.

25. Officers Nelson and Hernandez then handcuffed Plaintiff, turned Plaintiff around, slammed him against the wall again, and threw his body to the ground.

26. Officer Nelson proceeded to drag Plaintiff across the pavement to the curb, pulled him up and slammed Plaintiff onto the hood of the Davidyuk vehicle.

27. Officer Nelson then dragged Plaintiff to a police vehicle and pushed half of Plaintiff body into the rear of said vehicle. Plaintiff's legs remained outside of the vehicle.

28. Officer Nelson continued to verbally assault and insult Plaintiff by making racial slurs referring to Plaintiff's native country and National origin.

29. Officer Nelson then began to punch Plaintiff in and about his abdomen and rib area, while Plaintiff's hands were handcuffed behind his back and his torso was partially in the

police vehicle, with his legs handing out of the rear door. During this stage of the battery and abuse on the Plaintiff, Officer Hernandez was seated in the front of the vehicle verbally taunting Plaintiff. Officer Hernandez failed to stop Officer Nelson from engaging in this unlawful behavior.

30. A crowd gathered and watched the verbal and physical abuse of the Plaintiff by the Defendant Officers.

31. Plaintiff's 13 year old son witnessed the abuse of his father and began crying.

32. Plaintiff suffered not only physical and verbal abuse, was also mental abuse and anguish as Plaintiff was humiliated and embarrassed in public and in front of his 13 year old son without provocation.

33. Shortly thereafter, a male Police Officer responded to the scene and spoke Officer Nelson in private.

34. Officer Nelson subsequently pulled Plaintiff out of the police vehicle, stuffed a Summons in his pocket, and released him from the handcuffs.

34. On or about December 2013, in the evening, two Police Officers from the 62nd Precinct appeared in person at Plaintiff's home and apologized for the incident and Officer Nelson's behavior, and stated that Officer Nelson required more training.

35. At all times herein, the Defendant Officers, acted with malice and in bad faith, as they had no cause, let alone probable cause or reasonable suspicion to exercise excessive force, seize, and/or detain the Plaintiff.

36. The conduct of the Defendant Officers in assaulting, battering, abusing, striking, restraining, seizing, handcuffing and threatening the Plaintiff proximately caused the Plaintiff to

5

suffer physical, emotional and financial injury, as well as, serious physical and emotional pain and suffering, humiliation, debasement, embarrassment and a deprivation of Plaintiff's constitutional rights.

37. At all times relevant, the Defendant Officers acted intentionally, willfully, maliciously, negligently, with racial motivation, and with reckless disregard for and deliberate indifference to Plaintiff's constitutional rights, safety, and physical and mental well being by unlawfully assaulting, battering, seizing, restraining and detaining the Plaintiff, thereby depriving Plaintiff of his Constitutional rights under the Fourth, Fifth and Fourteenth Amendments.

38. The actions of the individual Defendants, as set forth herein, were the result of the NYPD's failure to properly train, supervise, monitor, and discipline its officers, including Defendants, Nelson and Hernandez, which is a consequence of the deliberate policies and practices of the Defendants, City and NYPD. Such policies and practices are in part responsible for the unconstitutional, wrongful, deliberate, malicious, negligent, careless, reckless and intentional acts of the individual Defendants.

39. At all relevant times herein, Defendant, City, acting through its NYPD, developed, implemented, enforced, encouraged and sanctioned de facto policies, practices and/or customs exhibiting deliberate indifference to the Plaintiff's constitutional rights, and the violation thereof.

40. Defendants' unlawful actions were done willfully, knowingly and with the specific intent to deprive the Plaintiff of his constitutional rights under the Fourth, Fifth and Fourteenth Amendments, thereby causing Plaintiff to suffer physical, mental, and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

## FIRST CAUSE OF ACTION
**Violation Of Plaintiff's Constitutional Rights, Pursuant To 42 U.S.C. §1983, And The Fifth and Fourteenth Amendments by the Defendants, Nelson and Hernandez**

41. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs as if fully set forth herein.

42. The acts of Defendants, Nelson and Hernandez, under color of state law, in restraining, detaining, handcuffing, verbally abusing, physically assaulting and humiliating Plaintiff, were racially motivated based upon Plaintiff's country of national origin, undertaken without lawful justification, taken with deliberate indifference to Plaintiff's rights, and were designed to, and did cause, serious bodily harm and injury, and pain and suffering to the Plaintiff in violation of his Constitutional rights as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution.

43. The Defendants, through their unlawful and discriminatory actions upon Plaintiff, violated 42 U.S.C. §1983, which prohibits the deprivation of the rights, under color of state law, to liberty, due process and equal protection secured by the Constitution of the United States.

44. As a result of the Defendants' unlawful and discriminatory actions, Plaintiff has suffered a violation of his due process rights under the Fifth and Fourteenth Amendments, and will continue to suffer damages including physical, mental and emotional injury pain, suffering, humiliation, fear and embarrassment.

## SECOND CAUSE OF ACTION
**Violation Of Plaintiff's Constitutional Rights, Pursuant To 42 U.S.C. §1983, And The Fourth and Fourteenth Amendments by the Defendants, Nelson and Hernandez**

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs as if fully set forth herein.

46. The Defendants' unlawful conduct, while acting under color of state law, deprived the Plaintiff of his right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States.

47. The Defendants are liable for violation of 42 U.S.C. §1983 which prohibits the deprivation of rights, under color of state law, secured under the United States Constitution.

48. As a proximate result of the Defendants' unlawful actions, Plaintiff has suffered a violation of his due process rights under the Fourth and Fourteenth Amendments, and will continue to suffer damages including physical, mental and emotional injury pain, suffering, humiliation, fear and embarrassment.

### THIRD CAUSE OF ACTION
**Violation Of Plaintiff's Constitutional Rights, Via the Use of Excessive Force, Pursuant To 42 U.S.C. §1983, And The Fourth and Fourteenth Amendments by the Defendants, Nelson and Hernandez**

49. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs as if fully set forth herein.

50. As a direct and proximate result of the Defendants' actions, Plaintiff was deprived of his right to be free from assault, battery and the use of excessive force as required by the Fourth and Fourteenth Amendments of the United States Constitution.

51. The Defendants are liable for violation of 42 U.S.C. §1983, which prohibits the deprivation of rights, under color of state law, secured under the United States Constitution, in that they assaulted, battered and used excessive force against the Plaintiff without authority of the law, and without any reasonable cause or belief that the Plaintiff was in fact guilty of crimes, and without any legal justification for such conduct.

52. As a proximate result of the Defendants' unlawful actions, Plaintiff has suffered a violation of his due process rights under the Fourth and Fourteenth Amendments, and will continue to suffer damages including physical, mental and emotional injury pain, suffering, humiliation, fear and embarrassment.

## FOURTH CAUSE OF ACTION
### Monell Claim

53. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs as if fully set forth herein.

54. At all relevant times, the Defendant, City, acting through its NYPD, developed, implemented, enforced, encouraged and sanctioned de facto policies, practices and/or customs exhibiting deliberate indifference to the Plaintiff's Constitutional rights, thereby causing the violation of such rights.

55. Defendants' unlawful actions were done willfully, knowingly, and with the specific intent to deprive Plaintiff of his Constitutional rights under the Fourth, Fifth and Fourteenth Amendments to the Unites States Constitution.

56. The Constitutional abuses and violations by the Defendant, City, through the actions of the NYPD, and Defendants, Nelson and Hernandez, were and are directly and proximately caused by policies, practices and/or customs developed, implemented, enforced, monitored, encouraged, and sanctioned by the Defendant, City, including its failure to: adequately, supervise and train its officers and agents, including the individual Defendants; adequately discourage further constitutional violations on the part of its officers; to properly and adequately monitor and discipline its officers, including the individual Defendants; and properly and adequately investigate complaints of police misconduct, thereby tolerating and permitting and acquiescing in said acts.

57. The Defendant, City, acting thought its NYPD, has developed, implemented, enforced, encouraged and sanctioned a de fact policy, practice and/or custom of unlawfully assaulting, battering, using excessive force, detaining, seizing and restraining individuals, such as Plaintiff, without authority of the law, without any reasonable suspicion or probable cause, and without any legal justification for same.

58. Defendants' unlawful actions were done willfully, knowingly, maliciously and with the specific intent to deprive Plaintiff of his Constitutional rights under the Fourth, Fifth and Fourteenth Amendments to the Unites States Constitution.

59. Defendants have acted with deliberate indifference to the Constitutional rights of the Plaintiff.

60. As a direct and proximate result of the Defendants' unlawful actions, Plaintiff has suffered a violation of his rights under the Fourth and Fourteenth Amendments, and will continue to suffer damages, including physical, mental and emotional injury pain, suffering, humiliation, fear and embarrassment.

### FIFTH CAUSE OF ACTION
### New York State Constitution, Article I, Section 11 – Equal Protection

61. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs as if fully set forth herein.

62. The Defendants' acts, under color of law, of verbal assault, physical battery and seizure of the Plaintiff by handcuffing and detaining Plaintiff in the back of a police vehicle, were discriminatory and racially motivated, and were done without lawful justification for same, and were designed to and did cause serious bodily harm and injury, pain and suffering to the Plaintiff in violation of his Constitutional right to equal protection as guaranteed by the Constitution of the

State of New York, Article I, Section 11.

63. As a proximate result of the Defendants' unlawful and discriminatory actions, Plaintiff has suffered a violation of his due process rights under the Constitution of the State of New York, and will continue to suffer damages including physical, mental and emotional injury pain, suffering, humiliation, fear and embarrassment.

## SIXTH CAUSE OF ACTION
**New York State Constitution Article I, Section 12 – Search & Seizure and Excessive Force**

64. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs as if fully set forth herein.

65. Acting under the color of law, the Defendants subjected Plaintiff to an unlawful search of seizure of his person, and excessive force by committing a physical assault and battery upon Plaintiff, without lawful justification for same, and were designed to and did cause serious bodily harm and injury, pain and suffering to the Plaintiff in violation of his Constitutional right as guaranteed by the Constitution of the State of New York, Article I, Section 12.

66. As a proximate result of the Defendants' unlawful and discriminatory actions, Plaintiff has suffered a violation of his due process rights under the Constitution of the State of New York, and will continue to suffer damages including physical, mental and emotional injury pain, suffering, humiliation, fear and embarrassment.

## SEVENTH CAUSE OF ACTION
**New York State Tort Claim Intentional Infliction Of Emotional Distress**

67. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs as if fully set forth herein.

68. The unlawful acts of verbal assault, physically battery, seizure of Plaintiff's

person by handcuffs, and the use of excessive force, committed by the Defendants so transcended the bounds of decency as to be regarded as atrocious and intolerable in a civilized society, thereby causing Plaintiff to suffer humiliation, degradation, and embarrassment, and to experience severe emotional harm.

69. As a proximate result of the Defendants' unlawful and discriminatory actions, Plaintiff has been damaged in that he has suffered an intentional infliction of emotional distress.

## EIGHTH CAUSE OF ACTION
### Intentional Tort - Battery

70. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs as if fully set forth herein.

71. The acts of Defendants constituted an intentional battery of the Plaintiff, in that the Defendants hit, kicked, punched dragged, handcuffed and pushed Plaintiff about his head and body.

72. The Defendants acted under color of law, without lawful justification and without the authority of the law, in that the touching of the Plaintiff was harmful, uncontested, unprovoked and unjustified, and violated Plaintiff's rights under the laws the Constitution of the State of New York

73. As a proximate result of the Defendants' unlawful actions, Plaintiff has suffered physical, mental and emotional injury, pain and suffering, humiliation, fear and embarrassment, and has otherwise been damaged.

74. New York CPLR 1601 does not apply, pursuant to the exception provided by CPLR 1602(1)(b).

## NINTH CAUSE OF ACTION
### Intentional Tort - Assault

75. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs as if fully set forth herein.

76. The acts of Defendants constituted an intentional assault upon the Plaintiff, by yelling, shouting threats and racial slurs at Plaintiff, causing him to be in apprehension of an immediate physical harm, which battery was then inflicted upon Plaintiff violating Plaintiff's rights under the laws the Constitution of the State of New York.

77. As a proximate result of the Defendants' unlawful actions, Plaintiff has suffered physical, mental and emotional injury, pain and suffering, humiliation, fear and embarrassment, and has otherwise been damaged.

78. New York CPLR 1601 does not apply, pursuant to the exception provided by CPLR 1602(1)(b).

## TENTH CAUSE OF ACTION
### Tort Claim - Negligence

79. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs as if fully set forth herein.

79. The Defendants were negligent, careless, reckless and deliberately indifferent in that each failed to properly supervise and monitor the Police Officers who assaulted and battered the Plaintiff to prevent such conduct and acts from occurring.

80. The Defendants were negligent, careless, reckless and deliberately indifferent in that they failed to provide adequate security to Plaintiff who was in Defendants, care, custody and control at the time of assault and battery by Defendant, Nelson and Hernandez.

81. That the aforesaid occurrences and resulting injuries to the Plaintiff were caused wholly and solely by the negligence of the Defendants, their agents, servants and employees, without any negligence on the part of the Plaintiff.

82. As a proximate result of the Defendants' unlawful actions, Plaintiff has suffered physical, mental and emotional injury, pain and suffering, humiliation, fear and embarrassment, and has otherwise been damaged.

### ELEVENTH CAUSE OF ACTION
### Tort Claim - Negligent Hiring And Retention

83. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs as if fully set forth herein.

84. The Defendants, City and NYPD, and other unidentified supervising Officers were negligent, careless, reckless, and deliberately indifferent in hiring, retaining, properly training, monitoring, supervising and sanctioning, Defendants, Nelson and Hernandez, in that said Defendants lacked the experience, deportment and ability to be employed by the NYPD; in that the Defendants failed to: exercise due care and caution in their hiring practices, and in particular, in hiring the Defendant Officers, who lacked the mental capacity and the ability to function as employees of the NYPD; investigate the above-named Defendants' background; train Defendants, Nelson and Hernandez in the proper criteria to control their tempers and exercise the proper deportment and temperament; use force prudently and only when necessary, and to otherwise act as reasonably prudent police officers; to give Defendants proper instruction as to their behavior and conduct as representatives of their department.

85. As a proximate result of the Defendants' negligence, Plaintiff has been

damaged, and will continue to suffer damages including physical, mental and emotional injury pain, suffering, humiliation, fear and embarrassment.

## TWELVTH CAUSE OF ACTION
### Respondent Superior

86. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs as if fully set forth herein.

87. The conduct of the Defendants, Nelson and Hernandez, occurred while on duty and in uniform, in and during the course and scope of their employment, while acting as agents and employees of the Defendants, City and NYPD.

88. Therefore, Defendant, City, is liable to the Plaintiff pursuant to the doctrine of Respondent Superior.

WHEREFORE, plaintiff demands judgment against the Defendants, as follows:

a. A declaration that Defendants' conduct violated Plaintiff's rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and under the New York State Constitution;

b. An award of damages for pain and suffering in the amount of Five Million ($5,000,000.00) for each aforementioned Cause of Action;

c. An award of punitive damages;

d. An award of attorneys' fees pursuant to 42 U.S.C. §1988;

e. An award of costs of suit pursuant to 42 U.S.C. §1920 and 1988; and

f. An award of such other and further relief as this Court may deem just and proper under the circumstances.

Dated: Flushing, New York
       July 25, 2014

                          MALLILO & GROSSMAN
                          By: _____
                              FRANCESCO POMARA, JR., ESQ
                          Attorney for Plaintiffs
                          163-09 Northern Blvd.
                          Flushing, New York
                          (718) 461-6633
                          (718) 461-1062 FAX

STATE OF NEW YORK )
                  ) SS.:
COUNTY OF QUEENS  )

I, ABDULGALIL KAID ALWAN, BEING DULY SWORN DEPOSES AND SAYS:

THAT I AM THE PLAINTIFF IN THE WITHIN ACTION.

THAT I HAVE READ THE FOREGOING COMPLAINT AND KNOW THE CONTENTS THEREOF; THE SAME IS TRUE AND TO MY OWN KNOWLEDGE, EXCEPT AS TO THE MATTERS HEREIN STATED TO AS ALLEGED ON INFORMATION AND BELIEF, AND AS TO THOSE MATTERS I BELIEVE IT TO BE TRUE.

_____
ABDULGALIL KAID ALWAN

SWORN TO BEFORE ME THIS
15 DAY OF July 2014

Vanessa Martinez
VANESSA MARTINEZ
NOTARY PUBLIC, STATE OF NEW YORK
No. 01MA6094027
QUALIFIED IN QUEENS COUNTY
COMMISSION EXPIRES JUNE 16, 20 15

OUR FILE# 13PI479
Index No.
USDC: EASTERN DISTRICT

---

ABDULGALIL KAID ALWAN

                         Plaintiff(s),

      -against-

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, POLICE OFFICER NELSON AND POLICE
OFFICER HERNANDEZ

                         Defendant(s)

---

## SUMMONS AND VERIFIED COMPLAINT

---

## MALLILO & GROSSMAN, ESQS.
*Attorneys for Plaintiff(s)*
163-09 Northern Boulevard
Flushing, New York 11358
**718-461-6633**
**Fax: (718) 461-1062**

Pursuant to 22 NYCRR 130-1.1A, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.

Dated: 7/28/14    Signature _____
                                       **FRANCESCO POMARA, JR.**

---

TO: